**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **MARK OTIS BOATWRIGHT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **CIVIL ACTION NO. 5:11-CV-57(MTT)** |
| ) | |
| **Officer SANFORD, *et al.*,** ) | |
| ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## ORDER

This matter arises out of the Court's Order (Doc. 3) dated March 31, 2011, in

which the Court granted the Plaintiff's Motion to Proceed in Forma Pauperis, but

reserved ruling on the issue of frivolity until the Plaintiff submitted a response advising

the Court as to any reason that his claims should not be barred by the two-year statute

of limitations applicable to section 1983 actions in Georgia.  The Plaintiff did not

respond to the Order issued in this case, but he did respond to a similar order

requesting the same information from the Plaintiff in another case currently before this

Court, *Boatwright v. Washington, et al.*, 5:11-cv-54.[1]  Because the Plaintiff is proceeding

pro se, the Court will, as best as it can, apply the Plaintiff's response in *Boatwright v.*

*Washington* to the facts of this case.

The Plaintiff, a former inmate, filed this section 1983 action on February 18,

2011.  In his complaint, the Plaintiff contends that on May 24, 2005, the Defendants,

while acting in concert, conspired to open, censor, and inspect the Plaintiff's

---

[1] The Plaintiff currently has **four** cases pending before this Court.

government-privileged mail from the Equal Employment Opportunity Commission without the Plaintiff being present.[2]  According to the Plaintiff, the Defendants' conduct violated his First Amendment rights.

In his response, the Plaintiff claims that he sustained a back injury "on or about February 9, 2006 through October 25, 2007" that rendered him "physically and mentally incapacitated/disabled" and "incapable of acting for himself in carrying on his business and in prosecuting his claim".  Under O.C.G.A. §§ 9-3-90 and 9-3-91, the statute of limitations may be tolled in limited circumstances when a person is mentally disabled.  "The test for mental incapacity is not whether one did not manage his own affairs, acquiescing the management thereof by others, or whether one has merely managed his affairs unsuccessfully or badly.  That one was not 'bright' or not clear about some matters occurring during the period is not evidence of mental incompetency….  The test is one of capacity - whether the individual, being of unsound mind, *could not* manage the ordinary affairs of his life."  *Chapman v. Burks*, 183 Ga.App. 103, 105, 357 S.E.2d 832, 835 (1987) (internal quotation marks and citation omitted).  Sections 9-3-90 and 9-3-91 "allow only mental, and not physical, disability to toll the time limitation."  *Id.* at 106, 357 S.E.2d at 836.  Whether a party has a disability that will toll the statute of limitations is a matter of law capable of resolution by the court.  *See Whisnant v. Coots*, 176 Ga.App. 724, 726, 337 S.E.2d 766, 768 (1985).

Here, the Plaintiff has alleged that his back injury, and the resulting pain, depression, and stress, rendered him incapable of managing the ordinary affairs of his

---

[2] In *Boatwright v. Sanford, et al.*, 5:05-cv-269, Judge Duross Fitzpatrick presiding, the Plaintiff made the same allegations against the same Defendants.  That case was dismissed due to the Plaintiff's failure to exhaust his administrative remedies prior to filing suit.

life, including the prosecution of this claim. However, a closer look at the Plaintiff's

situation suggests otherwise. The Plaintiff's allegations of physical and mental

incapacity simply do not rise to a level sufficient to support a tolling of the limitations

period. Although the Court recognizes the effect a physical injury may have on one's

mental capacity, the Plaintiff's alleged disability is, for the most part, physical, rather

than mental, in nature, and as noted above, a physical disability will not toll the time

limitation.

Moreover, there is no evidence that the alleged disability prevented the Plaintiff

from managing the ordinary affairs of his life. To the contrary, during the time period in

which the Plaintiff alleges he was incapacitated and therefore unable to prosecute this

claim, February 2006 to October 2007, he had **six** other cases pending before this

Court, all of which were eventually dismissed.[3] As evidenced by his near-constant filing

of and participation in those lawsuits, the Plaintiff was clearly competent to manage his

daily affairs. Accordingly, the Plaintiff is not entitled to the benefit of tolling the statute of

limitations based on mental disability.[4]

Due to the Plaintiff's failure to respond to the Court's Order in this matter, the

Court is unable to construe and/or analyze any other potential arguments in the

Plaintiff's favor that would support allowing his claims to go forward. Accordingly, for

---

[3] *Boatwright v. OMI, Inc.*, 5:05-cv-266 (dismissed for failure to state a claim upon which relief may be granted); *Boatwright v. Sanford, et al.*, 5:05-cv-269 (dismissed for failure to exhaust administrative remedies prior to filing suit); *Boatwright v. Ivey, et al.*, 5:05-cv-270 (dismissed on summary judgment); *Boatwright v. Baldwin County, et al.*, 5:05-cv-279 (dismissed prior to service for failure to state a claim upon which relief may be granted); *Boatwright v. Felton, et al.*, 5:05-cv-431 (dismissed prior to service for failure to state a claim upon which relief may be granted); and *Boatwright v. Washington, et al.*, 5:07-cv-338 (habeas petition denied as procedurally defaulted).

[4] The frivolity of Mr. Boatwright's previous lawsuits, although noteworthy, has no bearing on the Court's determination of frivolity in this case.

the reasons set forth above and in the Court's previous Order, the Plaintiff's complaint is time-barred, and this action is **DISMISSED**.

**SO ORDERED,** this 11th day of April, 2011.

<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT